IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,  No. 2:04-cr-0019 MCE JFM

  vs.

RODNEY BUTLER,  <u>ORDER AND</u>

      Movant.  <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On October 24, 2006, movant pled guilty to one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841 (a)(1). Doc. No. 85. On July 19, 2007, movant was sentenced to a 240-month term of imprisonment and a 60-month term of supervised release. Doc. No. 93. Movant did not appeal in light of the plea agreement. <u>See</u> Pet. at 4. The instant petition has been construed to state a claim for entering the plea agreement unknowingly and involuntarily. Respondent filed a motion to dismiss for failure to state a claim and as untimely.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

      In the Indictment filed January 15, 2004, movant was charged with two counts: conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841

1

(a)(1), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. ¶ 841(a). On October 24, 2006, movant pleaded guilty. Doc. No. 85. At the change of plea hearing, the following exchange took place:

> THE COURT: Will you be entering your plea of guilty today pursuant to the express terms of that written plea agreement?
>
> [MOVANT]: Yes.
>
> THE COURT: Are you entering your plea of guilty voluntarily?
>
> [MOVANT]: Yes.
>
> THE COURT: And because you are in fact guilty of the crimes as charged?
>
> [MOVANT]: Yes.

Reporter's Transcript ("RT") at 5-6.[1] After the prosecutor was asked to read the terms of the plea agreement, the court asked movant whether he understood the terms:

> THE COURT: Are those the terms of your plea agreement with the Government as you understand them?
>
> [MOVANT]: Yes.
>
> THE COURT: Has anyone threatened you in any way to force you to enter a plea of guilty today?
>
> [MOVANT]: No.
>
> THE COURT: Has anyone made any other promises to you to try to induce you to enter a plea of guilty today?
>
> [MOVANT]: No.

Id. at 6-7.

During further questioning, movant stated that he understood the potential maximum penalty for the offense, that he would not be released on parole, that he may be ordered to pay restitution, that the court was not bound to the government's sentencing

/////

---

[1] The Reporter's Transcript is appended to these findings and recommendations.

2

| | |
|---|---|
|1| recommendation, and that he waived his right to appeal. RT at 7-8. The court then asked |
|2| movant whether he understood that he was giving up certain constitutional rights: |

> 3   THE COURT: Before I take your plea of guilty today, I need to make sure that
>     you understand that you have certain Constitutional Rights attendant with that
> 4   jury trial right, and you are willing to give them all up. My procedure is to list all
>     of those rights for you, and I want you to listen to them all very carefully. At the
> 5   end, I'm going to ask you whether you understand them all and whether you are
>     willing to give them all up. Do you understand?
>
> 6   [MOVANT]: Yes.
>
> 7   THE COURT: You have the right to have a trial by jury. You have the right to be
> 8   presumed innocent. You have the right to have the Government prove your guilt
>     beyond a reasonable doubt. You have the right to have an attorney for you at all
> 9   times. And if you cannot afford an attorney, to have one appointed for you at no
>     cost to you. You have the right to present a defense to these charges. You have
> 10  the right to see and hear all witnesses and evidence that will be presented against
>     you at trial. And you have the right to cross-examine those witnesses as well. You
> 11  have the right to use the power of this court to bring in witnesses and evidence on
>     your behalf so that you can present a defense. You have the right to remain silent.
> 12  And you have the right not to have your silence or your decision not to use
>     witnesses or evidence in trial used against you. Do you understand all of your
> 13  Constitutional Rights?
>
> 14  [MOVANT]: Yes, Your Honor.
>
> 15  THE COURT: Do you give up all those Constitutional Rights?
>
> 16  [MOVANT]: Yes, Your Honor.

17 Id. at 10-11. Following further discussion, the trial court accepted movant's plea. Id. at 13.

18         On July 19, 2007, movant was sentenced to 240 months imprisonment followed
19 by 60 months of supervised release. Doc. No. 93.

20         On September 19, 2011, movant filed a document entitled "Non-Consent to
21 Participate in Imprisonment and Supervised Release." Doc. No. 115. The document was
22 docketed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

23         Following referral of the matter to the undersigned, the court directed respondent
24 to file an answer. Doc. No. 109.

25         Failing to receive an answer, the court issued an order to show cause on
26 December 8, 2011. Doc. No. 114.

On February 4, 2012, respondent filed a response to the order to show cause and a motion to dismiss for failure to state a claim. Motion to Dismiss ("MTD") at 3.

In addition to respondent's motion to dismiss, the court has pending before it movant's January 3, 2012 motion for immediate release and motion to rescind wrongful characterization; March 5, 2012 request for immediate ruling; March 26, 2012 motion for default judgment and for immediate release; and May 21, 2012 motion for evidentiary hearing.

## LEGAL STANDARD

Section 2255 provides, in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredibly or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted), cert. denied, 520 U.S. 1269 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

A. <u>Respondent's Motion to Dismiss</u>

Respondent seeks dismissal of the petition for failure to state a claim. Alternatively, respondent argues the petition is untimely.

1. Failure to State a Claim

In the government's motion to dismiss, respondent seeks dismissal for failure to state a claim. On review of the petition following referral, the court found the petition to be generally non-sensical and rambling, giving rise to an inference of mental illness. The court did, however, liberally construe the petition and found it to state a claim that petitioner's plea agreement was not entered into knowingly and voluntarily. See, e.g., Doc. No. 105 at 2 ("Neutral party at no time Knowingly, Willingly, or Voluntarily agreed under full disclosure to enter any contract party to Case No. 2:04CR00019-01-MCE."); see also id. at 6 ("Any and all document and/or paperwork signed by the Neutral Party as of date, in relation to JUDGEMENT [sic] AND COMMITMENT ORDER, No. 2:04cr00019-01-MCE, has been done so under threat, duress and coercion, without consent.").

While the government asserts that any construed claim "is way outside [the] ballpark," MTD at 3 n.3, the court disagrees and is bound to its duty to liberally construe the filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.' ") (citations omitted); Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) ("[W]e have a 'duty ... to construe pro se pleadings liberally.' ") (citations omitted); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citation omitted). Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt.") (citation omitted).

In light of respondent's failure to provide a transcript of the change of plea hearing with its motion to dismiss, the court obtained a copy directly from the court reporter and appends it to this order and findings and recommendations. On review of that transcript, the court finds that dismissal is warranted for failure to state a claim.

5

A plea agreement is a contract and subject to contract law standards. <u>United States v. Trapp</u>, 257 F.3d 1053, 1056 (9th Cir. 2001). In a plea agreement, a defendant may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly. <u>United States v. Nunez</u>, 223 F.3d 956, 959 (9th Cir. 2000); <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994). The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. <u>United States v. Jeronimo</u>, 398 F.3d 1149, 1153 (9th Cir.), <u>cert</u>. <u>denied</u>, 546 U.S. 883 (2005); <u>United States v. Nguyen</u>, 235 F.3d 1179, 1182 (9th Cir. 2000); <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993); <u>United States v. Racich</u>, 35 F. Supp.2d 1206, 1210 (S.D. Cal. 1999).

Here movant expressly waived both his right to appeal and his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. Movant's plea agreement stated, in relevant part:

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the sentencing guideline range determined by the court consistent with the stipulation set forth in this plea agreement.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

Plea Agreement (Doc. No. 85) at 8.

Movant also specifically acknowledged at the hearing on his change of plea that he understood he was giving up his right to appeal or attack the judgment and sentence:

> THE COURT: Do you understand that the Government may have the right to appeal from the sentence that I impose, but by the terms of your plea agreement you have waived, that means given up your right to appeal from whatever sentence I impose? Do you understand that?
>
> [MOVANT]: Yes.

RT at 9.

6

The Plea Agreement and the record of the change of plea hearing demonstrate that the terms of the Plea Agreement were explained to movant, and movant understood those terms. The court thus finds that movant knowingly and voluntarily entered into the Plea Agreement. Accordingly, dismissal is warranted on this ground.

II.  The Petition is Untimely

A motion for § 2255 relief must be brought within one year after the prisoner's conviction becomes final, subject to limited exceptions. See 28 U.S.C. § 2255(f). Here, the docket shows that movant's conviction became final in July 2007, and thus the time to file any § 2255 motion expired in July 2008. The instant petition was filed in September 2011, more than three years beyond the expiration of the one-year limitation period. Thus, the petition is subject to dismissal as untimely under § 2255(f).

For all of the foregoing reasons, movant's § 2255 motion should be denied. Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2255. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, movant has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 8, 2011 order to show cause is vacated;

2. Movant's January 3, 2012 motion for immediate release is denied;

3. Movant's January 3, 2012 motion to rescind is denied;

4. Movant's March 5, 2012 request for immediate ruling is granted;

5. Movant's March 26, 2012 motion for default judgment is denied;

6. Movant's May 21, 2012 motion for evidentiary hearing is denied; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's February 4, 2012 motion to dismiss be granted;

2. Movant's September 19, 2011 amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed;

3. The district court decline to issue a certificate of appealability; and

4. The clerk of the court be directed to close the companion civil case No. 11-cv-2500-MCE-JFM.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;butl0019.mtd